IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO PEREZ | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| RAYMOND J. COLLERAN, | : | NO. 04-CV-2741 |
| ET AL. | : | |

**SURRICK, J.**                                                                                                       **OCTOBER 14, 2005**

## MEMORANDUM & ORDER

Presently before the Court is Antonio Perez's ("Petitioner") Petition For Writ Of Habeas Corpus By A Person In State Custody (Doc. No. 4) ("Petition"), Magistrate Judge Peter B. Scuderi's Report and Recommendation recommending denial of the Petition (Doc. No. 10), and Petitioner's objections to the Report and Recommendation (Doc. No. 14).  For the following reasons, we will overrule Petitioner's objections, approve and adopt the Report and Recommendation, and dismiss the Petition.

**I.    BACKGROUND**

On May 16, 1996, Petitioner was convicted of twenty-one counts of various sexual offenses, including corruption of minors, involuntary deviate sexual intercourse, rape, statutory rape, indecent assault, indecent assault without consent, and aggravated indecent assault.  (Doc. No. 8 at Ex. B.)  On July 8, 1996, Petitioner was sentenced to an aggregate term of incarceration of not less than fifteen nor more than thirty years.  Perez filed a Notice Of Appeal to the Superior Court of Pennsylvania on August 5, 1996 (*id.* at Ex. C), but discontinued this appeal on September 11, 1996.  (*Id.* at Ex. E.)

After Petitioner filed his Notice Of Appeal, he submitted a Post-Sentencing Motion and

Motion to Schedule Evidentiary Hearing in the Lancaster County Court. This was denied by operation of law on January 8, 1997. (*Id.* at Ex. F.) On January 15, 1997, Petitioner filed a Notice Of Appeal alleging that he received ineffective assistance of counsel during his trial and requesting an evidentiary hearing. (*Id.* at Exs. G, H.) The Superior Court agreed that an evidentiary hearing was appropriate, remanded the matter to the Court of Common Pleas of Lancaster County, and relinquished jurisdiction over the matter. *Commonwealth v. Perez*, 701 A.2d 781 (Pa. Super. Ct. 1997) (table). On remand, the trial court, in an Opinion dated June 18, 1998, reviewed Petitioner's claims and concluded that Petitioner did not state a cognizable ineffective assistance of counsel claim and that his appeal should be dismissed. (Doc. No. 8 at Ex. I.) The Superior Court filed an Opinion on March 23, 1999 affirming the Lancaster County Court. *Commonwealth v. Perez*, 737 A.2d 1277 (Pa. Super. Ct. 1999) (table).

Petitioner sought to file a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. The Supreme Court returned the petition on April 28, 1999, because it was not timely filed.[1] (Doc. No. 8 at Ex. K.) Petitioner was informed that "[i]f you still wish to appeal the decision of the Superior Court you are permitted to file a *Petition for Leave to File a Petition for Allowance of Appeal Nunc Pro Tunc*." (*Id.*) Perez filed an Application to File Nunc Pro Tunc with the Supreme Court of Pennsylvania, which the court denied on August 17, 1999. (*Id.* at Ex. L.) On January 6, 2000, the court also denied Petitioner's motion for reconsideration of its denial of his Application to File Nunc Pro Tunc. (*Id.* at Ex. N.)

On December 26, 2000, Petitioner filed a pro se petition in state court, seeking relief

---

[1] While the deadline for filing the petition was April 22, 1999, Petitioner's petition bore an inmate postmark date of April 24, 1999. (Doc. No. 8 at Ex. K.)

pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. (*Id.* at Ex. O.) The PCRA court appointed counsel to represent Petitioner on January 4, 2001. *Commonwealth v. Perez*, 799 A.2d 848, 850 (Pa. Super. Ct. 2002). Petitioner's appointed counsel filed an amended petition on March 19, 2001, but did not address the apparent untimeliness of the original petition. After the amended petition was filed, the trial court entered an Order on May 1, 2001, stating its intent to dismiss the petition as untimely unless petitioner demonstrated that there was good cause why the petition should not be dismissed. (*Id*. at Ex. Q.) While Petitioner's counsel did not file a response to the court's notice of intent to dismiss, Petitioner filed a pro se response and asserted that his petition was timely filed. On June 20, 2001, the trial court dismissed the PCRA petition as untimely. (*Id*.)

     Petitioner appealed the dismissal of his PCRA petition, arguing that his appointed counsel provided ineffective assistance in pursuing his petition. The Superior Court reversed and remanded the case directing that "counsel appointed to assist an indigent petitioner on an apparently untimely PCRA petition must at least investigate whether the petition is indeed untimely, and if so, whether the petition fits one of the exceptions to the PCRA's timeliness provisions." *Perez*, 799 A.2d at 853. The court ordered that Petitioner be appointed new counsel to assist him in pursuing his first PCRA petition. On remand, the trial court rejected the argument of Petitioner's newly appointed counsel and denied the PCRA petition as untimely on December 17, 2002. (Doc. No. 8 at Ex. S.) On October 8, 2003, the Superior Court affirmed the trial court's denial of Petitioner's PCRA petition. *Commonwealth v. Perez*, 839 A.2d 1160 (Pa. Super. Ct. 2003) (table). The Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on March 3, 2004, *Commonwealth v. Perez*, 854 A.2d 967 (Pa. 2004)

(table), and denied Petitioner's motion for reconsideration of the denial of his Petition for Allowance of Appeal on May 24, 2004.  (Doc. No. 8 at Ex. V.)

On May 28, 2004, Petitioner filed the instant habeas Petition.[2]  (Doc. No. 1.)  Petitioner asserts the following claims:  (1) that the Court of Common Pleas of Lancaster County improperly dismissed his PCRA petition; (2) that his trial counsel was ineffective; and (3) that he is innocent of the charges of which he was convicted.  (Doc. No. 1 at 1-6.)  The matter was assigned to Magistrate Judge Peter B. Scuderi for a Report and Recommendation.  On November 24, 2004, Magistrate Judge Scuderi filed a Report and Recommendation, recommending that the Petition be denied as untimely pursuant to the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  (Doc. No. 10 at 3-5.)  Judge Scuderi concluded that the Petition was untimely on its face, and that the statute of limitations should not be subject to equitable tolling.  (*Id.* at 5-7.)  Petitioner filed objections to the Report and Recommendation, arguing that his claims were not time-barred.  Petitioner also argued that even if the PCRA petition was untimely on its face, the statute of limitations should be subject to equitable tolling.  (Doc. Nos. 14, 15.)

---

[2] Petitioner signed his habeas Petition on May 28, 2004, and sent it to the United States District Court for the Middle District of Pennsylvania, where it was docketed on June 3, 2004.  (Doc. No. 1, *Perez v. Colleran*, Civ. A. No. 04-CV-1205 (M.D. Pa. 2004)).  On June 17, 2004, the Honorable William J. Nealon ordered that the case be transferred to this Court.  When a pro se prisoner files a § 2254 petition, it "is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  We will assume that Petitioner presented his Petition to prison authorities on May 28, 2004.

**II.     STANDARD OF REVIEW**

We review de novo those portions of the Magistrate Judge's Report and Recommendation to which specific objections have been made.  28 U.S.C. § 636(b) (2005); Fed. R. Civ. P. 72(b); *see also Thomas v. Arn*, 474 U.S. 140, 141-42 (1985) ("[A] United States district judge may refer . . . petitions for writ of habeas corpus[] to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. . . .  Any party that disagrees with the magistrate's recommendations 'may serve and file written objections' to the magistrate's report, and thus obtain de novo review by the district judge." (citations and footnotes omitted)).

**III.    DISCUSSION**

Under AEDPA, a prisoner has one year from the date of the final disposition of his case in state court to file a habeas petition.  28 U.S.C. § 2244(d)(1) (2000); *see also Long v. Wilson*, 393 F.3d 390, 393 (3d Cir. 2004).  The relevant portion of the statute, 28 U.S.C. § 2244(d)(1), provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petitioner may rely on two tolling exceptions to argue that AEDPA's one-year period of limitation should be tolled: (1) statutory tolling under 28 U.S.C. § 2244(d)(2) while a properly filed application for post-conviction review is pending in state court; and (2) equitable tolling. *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (citing *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003)). Here, neither tolling exception applies to the Petition filed by Perez.

### A. Statutory Tolling

The federal habeas statute provides that "[t]he time during which a *properly filed* application for [s]tate post-conviction relief or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). Under § 2244(d)(2), a properly filed PCRA petition challenging the judgment tolls AEDPA's statute of limitations during the pendency of the state proceeding. *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002). A petition for post-conviction relief is deemed "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules include all time limitations imposed by relevant state court procedures. *Id.*; *see also Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) ("State petitioners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court."). The Supreme Court has held that "[w]hen a postconviction petition is untimely under

state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005); *see also Merritt*, 326 F.3d at 163 (holding that an untimely PCRA petition does not toll the statute of limitations under § 2244(d)(2) because an untimely state post-conviction petition is not "properly filed" for purposes of tolling).  In *Pace*, the Pennsylvania Superior Court dismissed petitioner's PCRA petition as untimely, a decision which the Supreme Court of Pennsylvania declined to review.  Because the Pennsylvania court rejected the PCRA petition as untimely, the Supreme Court concluded that it was not "properly filed," which precluded statutory tolling.  *Pace*, 125 S. Ct. at 1814.

In this case, the Pennsylvania Superior Court affirmed the trial court's determination that Petitioner's December 26, 2000 PCRA petition was time-barred and therefore not properly filed under Pennsylvania law.  We are bound by a state court's determination of whether a state post-conviction petition was properly filed as a matter of state law.  *Pace*, 125 S. Ct. at 1814; *Merritt*, 326 F.3d at 163; *Fahy*, 240 F.3d at 244.  Because Petitioner's PCRA petition was not "properly filed," the time that Petitioner's PCRA petition was pending in state court does not toll AEDPA's one-year limitation period.  Therefore, the instant Petition is untimely.[3]

####### B.     **Equitable Tolling**

AEDPA's statute of limitations may be subject to equitable tolling.  *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (citing *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998)).  Equitable tolling is available "'only in the rare situation where [it] is demanded by

---

[3] Petitioner also argues that his filing of a notice of appeal nunc pro tunc should have tolled the limitation period.  However, "a notice of appeal nunc pro tunc is filed improperly as a matter of state law."  *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (citing *Brown v. Shannon*, 322 F.3d 768 (3d Cir. 2003)).  Because Petitioner's nunc pro tunc petition was not properly filed, it did not toll the limitations period.

sound legal principles as well as the interests of justice.'" *LaCava*, 398 F.3d at 275-76 (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Accordingly, "courts should be sparing in their use of this doctrine." *Id.* at 275. Generally, a petitioner seeking to rely on equitable tolling bears the burden of showing that: (1) he pursued his rights diligently; and (2) some extraordinary circumstance "stood in his way." *Pace*, 125 S. Ct. at 1814. A petitioner may not satisfy this burden by showing "mere excusable neglect." *LaCava*, 398 F.3d at 276 (citing *Miller*, 145 F.3d at 618-19).

Here, Petitioner did not timely file his PCRA petition. A PCRA petition must be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves an exception should apply. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment becomes final at the "conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. Cons. Stat. § 9545(b)(3). The Superior Court affirmed Petitioner's sentence on March 23, 1999. Thus, the judgment of sentence became final on or about April 22, 1999, when the time period allowed for an appeal to the Supreme Court of Pennsylvania expired. Pa. R. App. P. 1113(a). Petitioner filed his PCRA petition on December 26, 2000. As previously discussed, the Pennsylvania courts determined that Petitioner's PCRA petition was time-barred. The obligation of a petitioner to pursue his rights diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting his state court remedies as well." *LaCava*, 398 F.3d at 277. Although Petitioner filed his Application to File Nunc Pro Tunc soon after the Supreme Court of Pennsylvania informed him that his Petition for Allowance of Appeal was not timely

filed, he waited almost a year after the Supreme Court of Pennsylvania denied his motion for reconsideration of its denial of his nunc pro tunc petition before seeking relief under the PCRA. Thus, Petitioner did not exhaust his state court remedies in a diligent manner.

Further, even if we assume Petitioner's actions constitute a diligent pursuit of his rights, none of Petitioner's arguments constitute the kind of "extraordinary circumstances" that would justify equitable tolling. *See Schlueter*, 384 F.3d at 76 (equitable tolling generally occurs "when the petitioner has in some extraordinary way been prevented from asserting his or her rights"). According to Petitioner, his attorney's misconduct caused the untimely filing of his Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. (Doc. No. 14.) Specifically, Petitioner contends that his court-appointed attorney "abandoned him days before" his Petition for Allowance of Appeal was due, and that this resulted in Petitioner filing his petition after the deadline.[4] (*Id*.) Generally, "attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." *Schlueter*, 384 F.3d at 76; *see also id.* at 77 ("[A] finding that attorney malfeasance is an extraordinary circumstance, without more, is not sufficient to warrant equitable tolling."). Indeed, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Assuming *arguendo* that Petitioner's allegations are true, the behavior of Petitioner's attorney does not rise to the level of extraordinary circumstance. *See Brown v.*

---

[4] According to Petitioner's own Memorandum of Law in support of this habeas Petition, Petitioner's counsel did not in fact "abandon" Petitioner but notified Petitioner by letter that he would not file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. (Doc. No. 4.)

9

*Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (attorney's "abandonment" of petitioner without filing federal habeas petition does not constitute extraordinary circumstance).

Petitioner's reliance on *Seitzinger v. Reading Hospital & Medical Center*, 165 F.3d 236 (3d Cir. 1999), is misplaced.  In that case, the petitioner's counsel affirmatively lied to his client, representing to her that he had filed her complaint with the court when in fact he had not.  *Id.* at 241.  The Third Circuit concluded that this went well beyond "garden variety" neglect and justified equitable tolling.  *Id.*  The Third Circuit has since reaffirmed the narrow scope of *Seitzinger,* ruling in *Schlueter v. Varner*, 284 F.3d 69 (3d Cir. 2004), that an attorney's misconduct did not constitute an extraordinary circumstance where that attorney did not keep his promise to file petitioner's PCRA petition on time and failed to communicate further with petitioner about the status of his petition.  *Schlueter*, 284 F.3d at 76-77.  The *Schlueter* court distinguished this misconduct from the affirmative misrepresentations in *Seitzinger*, holding that the *Schlueter* petitioner's situation "differs sharply from that of the *Seitzinger* plaintiff who was misled by what the attorney said he had done, not what he said he would do."  *Id.* at 76.  *See also LaCava*, 398 F.3d at 276 (petitioner's failure to receive notice of state supreme court's denial of petition for permission to appeal does not constitute extraordinary circumstance warranting equitable tolling).

The alleged misconduct of Petitioner's attorney in this case most closely resembles the misconduct in *Schlueter*.  The Petitioner here has not alleged that his attorney affirmatively lied to him.  Moreover, Petitioner has failed to demonstrate how the conduct of his attorney during the state court appeals process justifies equitable tolling of AEDPA.  Subsequent to the Supreme Court of Pennsylvania's notice that his Petition for Allowance of Appeal was time-barred,

Petitioner applied unsuccessfully for leave to file an appeal nunc pro tunc, presented a PCRA petition to a PCRA court, had a conference and submission of briefs before the PCRA court, and ultimately had his PCRA petition reviewed by the Pennsylvania Superior Court.  (Doc. No. 10 at 2.)  The Pennsylvania courts thus had ample opportunity to engage in meaningful review of Petitioner's claims.

       Finally, Petitioner asserts in his habeas Petition that he is actually innocent of the crimes of which he was convicted.  This argument also fails to trigger equitable tolling.  As an initial matter, the Third Circuit has not yet decided whether a showing of actual innocence is grounds for equitable tolling.  *Knecht v. Shannon*, 132 F. App'x 407, 409 n.2 (3d Cir. 2005).  However, even if a petitioner could equitably toll AEDPA's limitations period by demonstrating actual innocence, he "must show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence' presented in his habeas petition."  *Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004) (quoting *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).  Thus, a petitioner "must support his allegations of constitutional error with 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"  *Hubbard*, 378 F.3d at 339-40 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  Petitioner has not produced any reliable evidence that demonstrates actual innocence.  Accordingly, he has failed to satisfy this standard.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO PEREZ | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| RAYMOND J. COLLERAN, | : | NO. 04-CV-2741 |
| ET AL. | : | |

**ORDER**

AND NOW, this 14th day of October, 2005, upon consideration of the Petition For Writ Of Habeas Corpus By A Person In State Custody filed by Antonio Perez (Doc. No. 4, Civ. A. No. 04-CV-2741), Magistrate Judge Peter B. Scuderi's Report and Recommendation recommending denial of the Petition (Doc. No. 10), and Petitioner's objections to the Report and Recommendation (Doc. No. 14), it is ORDERED as follows:

1. Petitioner's Objections To The Report And Recommendation filed by United States Magistrate Judge Scuderi are OVERRULED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. The Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Antonio Perez is DISMISSED.

4. Petitioner Antonio Perez's "Motion And Supporting Affidavit For Daily Transcripts Of Preliminary Trial Transcripts; Trial Transcripts; Sentencing Transcripts; And Dr. DeJong's Deposition Transcripts" (Doc. No. 13, Civ. A. No. 04-CV-2741) and "Motion And Supporting Affidavit For Daily Transcripts Of Preliminary Trial Transcripts; Trial Transcripts; Sentencing Transcripts; And Dr. DeJong's Deposition Transcripts" (Doc. No. 19, Civ. A. No. 04-CV-2741) are DISMISSED as MOOT.

5.	There is no basis for a Certificate of Appealablity.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge